NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013[*]
Decided January 24, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-2768 | Appeal from the<br>United States District Court for the |
| ANGELA R. WILLIAMS,<br>    *Plaintiff-Appellant,* | Southern District of Indiana,<br>Indianapolis Division. |
| *v.* | No. 1:09-cv-01113-TWP-DML |
| GENE B. GLICK COMPANY, INC., et al.<br>    *Defendants-Appellees.* | Tanya Walton Pratt,<br>*Judge.* |

**O R D E R**

Angela Williams, a resident of subsidized housing in Indianapolis, Indiana, contends that her apartment manager, its parent company, a private security company, and a security guard, violated her rights under state and federal law by arresting her, initiating eviction proceedings against her, and inspecting her home when she was not present. The district court granted summary judgment to the defendants. Because the facts in the record, which we construe in Williams's favor, *see Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011), establish no legal violations, we affirm the judgment.

_____

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Williams lives at the Carriage House apartment complex, which uses a private security company, Avert Security, LLC. Chad Butts, an Avert employee and Marion County Reserve Deputy, was on patrol at Carriage House in the early morning hours of August 5, 2007. He detained three young boys who had placed traffic cones in the street and told them to sit on the curb as he contacted their parents. Seeing these events, Williams approached Butts, who inquired if she was a parent to one of the boys. She said she was not. Butts instructed Williams to leave, but she refused, responding that she was "not a slave" and this was "not a plantation." Butts warned Williams again to leave the area or else he would arrest her. Williams ignored the warning and continued to interfere with Butts by again verbally challenging his authority. He attempted to arrest her, but Williams struggled during the arrest. As she later conceded in her deposition, she tried "to not let him touch [her]." Eventually Butts pinned her on the ground and arrested her. Williams was charged with resisting law enforcement. *See* IND. CODE § 35-44.1-3-1.

Approximately two weeks later, Carriage House sent Williams a notice of termination informing her that because she had engaged in criminal activity, she had to vacate her apartment within 30 days. When Williams did not vacate the apartment, Carriage House began eviction proceedings against her in court. Williams later was acquitted of the misdemeanor charge, and Carriage House dropped the eviction proceedings. Williams was never evicted.

After these events transpired, Williams signed a new lease with Carriage House. One of the clauses states: "The Tenant agrees to permit the Landlord, his/her agents or other persons, when authorized by the Landlord, to enter the unit for the purpose of making reasonable repairs and periodic inspections." In accordance with the clause, on July 9, 2008, Carriage House notified Williams of an upcoming inspection five days later. The notice listed the correct date of the inspection (July 14) but incorrectly identified the day of the week as Wednesday instead of Monday. The Carriage House property manager and an agent from United States Housing and Urban Development inspected Williams's apartment as planned on July 14. Williams was not present; four of her minor children were home alone.

Invoking the Fair Housing Act, 42 U.S.C. § 1983, and Indiana state law, Williams sued Carriage House, Avert, and Carriage House's parent company Gene B. Glick Company, Inc., in Marion County Superior Court. She contended that the arrest lacked probable cause and involved excessive force, that the defendants attempted to evict her because of her race, and that the inspection of her apartment violated her privacy. The defendants removed the action to federal district court. *See* 28 U.S.C. §§ 1331, 1443. After Williams added Deputy Butts to the caption (he was already in the body of the complaint),

Butts moved for summary judgment. The court granted that motion, concluding that Williams had failed to serve Butts with process and that any claim against him was untimely. Carriage House, Glick, and Avert also moved for summary judgment. The court granted those motions, reasoning that they were factually unfounded, and, exercising its supplemental jurisdiction, *see* 28 U.S.C. § 1367, dismissed all the claims with prejudice.[1]

On appeal Williams principally presses her invasion-of-privacy claim against Carriage House and Glick. We conclude that the district court correctly dismissed this claim. The uncontested facts establish that Williams signed a lease consenting in advance to periodic inspections of her apartment and that Carriage House provided her with advance notice of the upcoming inspection on July 14, 2008. Williams alleges that she asked the Carriage House office to refrain from entering her apartment when she was not present, but the undisputed evidence is that she made that request only *after* the inspection took place. Thus, Williams presented no evidence establishing that the inspectors intruded upon her physical seclusion in a way that "would be offensive or objectionable to a reasonable person." *Mills v. Kimbley*, 909 N.E.2d 1068, 1079 (Ind. Ct. App. 2009) (quotation marks omitted); *see Creel v. I.C.E. & Assocs., Inc.*, 771 N.E.2d 1276, 1280 (Ind. Ct. App. 2002).

Williams also reiterates without elaboration several other claims that appear in her complaint—such as claims against her landlord for breach of contract and falsely informing her that she was evicted—but we conclude that they lack merit. Williams failed to submit *any* evidence to support these claims at summary judgment, *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008), and her pro se status does not alleviate her burden to do so, *see Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011). Williams also fails to develop any legal argument challenging the district court's entry of judgment for Butts on procedural and timeliness grounds and its grant of summary judgment against the remaining defendants. She merely repeats allegations of her complaint and asserts that she has been "abused" by the judicial process. We construe pro se filings liberally, but even a pro se brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9).

AFFIRMED.

---

[1] Williams also sued Indiana Quadel Consulting Corporation. The district court granted Quadel's motion for summary judgment. Williams does not appeal that ruling.